**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30114 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00229-RSL-1 |
| v. | |
| RAUL VELASCO-SOTO, | ORDER[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted March 5, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Appellant Raul Velasco-Soto appeals his conviction, specifically

challenging the denial by the district court of his motion to withdraw guilty plea.

We dismiss the appeal.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Velasco-Soto pled guilty pursuant to a plea agreement. The district court accepted the plea agreement and found that the guilty plea was made "knowingly, intelligently, and voluntarily." The plea agreement included a waiver by Velasco-Soto of the right to appeal, subject to certain conditions and qualifications not relevant here. The Government moved to dismiss this appeal based on that waiver. That motion was denied by a motions panel of this court without prejudice to renewing the argument for dismissal before this panel. The Government has renewed that argument.

Velasco-Soto argues that the appellate waiver should not be enforced for three reasons. First, he argues that there is not a categorical rule mandating dismissal, citing *United States v. Torres*, 828 F.3d 1113, 1124 (9th Cir. 2016) ("Although we retain jurisdiction over an appeal by a defendant who has signed an appellate waiver, we will not ordinarily exercise that jurisdiction to review the merits of an appeal if the defendant has validly waived his right to appeal"). That may be true, but as the statement which he quoted from *Torres* indicates, an appellate waiver is "ordinarily" enforced. The record indicates Velasco-Soto entered the plea agreement and waived his appellate rights knowingly, intelligently, and voluntarily, and he has not argued to the contrary.

Second, Velasco-Soto argues that the plea agreement provided a remedy other than dismissal of any appeal. Specifically, the agreement provided that if Velasco-Soto breached it, then the Government could withdraw from the agreement and prosecute him for additional charges, including those which the Government had agreed to dismiss. The agreement did not identify that remedy as exclusive, however, and it would be illogical to interpret the agreement in that manner. That the parties and the district court all understood to the contrary was demonstrated at the sentencing hearing. After pronouncing sentence, the district court asked counsel whether there was an appeal waiver, and the attorneys for both Velasco-Soto and the Government confirmed that there was. As a result, the court stated that it was not going to advise him of any appellate rights, without objection from either party.

That history also undermines Velasco-Soto's third argument, that he retained the right to appeal because he had been advised by the district court of such a right. At the time the district court considered Velasco-Soto's motion to withdraw his guilty plea, the court and the parties discussed the possibility of an interlocutory appeal presenting the underlying issue of whether his prior conviction should be treated as a crime of violence under the categorical approach. That is not the course that was taken, however, and Velasco-Soto does not raise that as an issue on

3

appeal. There is precedent that supports permitting a defendant to appeal, despite an appellate waiver, if he was led to understand by statements made by the district court at the time that sentence was imposed that he had the right to appeal nonetheless. *See, e.g., United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir. 1995). But no such statements were made to Velasco-Soto. To the contrary, at his sentencing the appellate waiver was explicitly recognized by the district court. Velasco-Soto was not misled.

**APPEAL DISMISSED.**